# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

No. 09-30399

Charles R. Fulbruge III
Clerk

FOLGER COFFEE CO.,

Plaintiff-Appellant,

v.

INTERNATIONAL UNION, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. No. 08-CV-1630

Before GARWOOD, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Folger Coffee Company ("Folger") appeals the district court's decision to uphold the  Arbitration Award entered by Arbitrator Diane Massey on January 21, 2008.  In a written opinion, Arbitrator Massey sustained the defendant-appellees' (International Union, United Automobile, Aerospace & Agricultural Implement Workers of America and its local union, Local No. 1805 ("Union")) grievance and determined that Folger did violate the 2002-2005 Collective Bargaining Agreement ("CBA") by outsourcing and/or subcontracting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30399

certain cap dumping work and that the continued outsourcing and/or subcontracting of said work violates the 2002-2005 CBA or any subsequent CBA. The Arbitrator ordered that the contested cap dumping task be assigned back to bargaining unit employees.

On April 14, 2009, the district court upheld Massey's January 2008 Arbitration Award and entered judgment in favor of the Union.[1] Folger appeals, contending that the arbitration decision should be vacated because Arbitrator Massey exceeded the scope of her authority pursuant to the CBA when she ordered Folger to re-assign the subcontracted work back to bargaining unit employees. Folger also argues that the district court erred when it relied on this Court's decision in *The Folger Coffee Co. v. Int'l Union, et al.*, 905 F.2d 108 (5th Cir. 1990) ("*Folger I*"), a decision that– according to the Plaintiff-Appellant– was called into question and/or overruled by this Court's subsequent decision in *Beaird Indus., Inc., v. Int'l Union, et al.*, 404 F.3d 942 (5th Cir. 2005).

We reject Folger's arguments presented on appeal, and as a result, we affirm the district court's decision to enforce the Arbitration Award. First, our decision in *Beaird* did not overrule this Court's earlier decision in *Folger I*.[2] Second, we remain bound by our decision in *Folger I*, as it is the earlier of the two. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n. 8 (5th Cir. 2006) ("Where

---

[1] Plaintiff-appellant first brought this action in the district court under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA"), asking the district court to vacate the Arbitration Award.

[2] *See Resolution Performance Products, LLC v. Paper Allied Indus. Chem. and Energy Workers Int'l Union, et al.*, 480 F.3d 760, 767 (5th Cir. 2007) ("We distinguished *Folger* on the ground that the CBA in *Beaird* was explicit in permitting subcontracting and contained no limitation on subcontracting[,] . . . [whereas although the CBA in *Folger*] explicitly gave management the right to subcontract, . . . that clause was contradicted by others.").

two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc).").

Furthermore and most significantly, we note that the parties presently before the Court in the current dispute are the exact same parties that presented to the Court in *Folger I*, and the CBA is essentially the same contractual agreement. Folger has failed to adequately explain why this Court's prior decision regarding Folger's ability to subcontract out bargaining unit positions should no longer apply to evaluate the current dispute. Consequently, we find ourselves bound by our decision in *Folger I*. And as a result, we cannot conclude that Arbitrator Massey exceeded her arbitrative authority or violated the express terms of the CBA in determining that the CBA prohibits Folger from subcontracting out the cap dumping work.

Accordingly, we AFFIRM the district court's decision to enforce the Arbitration Award.